**Norman M. KRANZDORF, Trustee of Fidelity American Financial Corporation, Fidelity America Mortgage Co. (A Pennsylvania Corporation), Fidelity America Mortgage Co. (A Delaware Corporation) and Fidelity America Mortgage Co. (A Nevada Corporation),**

v.

**Howard I. GREEN, et al.**

**Civ. A. No. 83–566.**

United States District Court,
E.D. Pennsylvania.

July 28, 1983.

John S. Estey, John W. Frazier, IV, Baldo M. Carnecchia, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Michael Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Howard I. Green, Green Trust and U.S. Management Corp.

Michael S. Silberman, Ominsky, Joseph & Welsh, P.C., Philadelphia, Pa., for John G. Berg, American Real Estate Associates, Inc., and AREA Management Corp.

Harvey P. Murray, Jr., Selinsgrove, Pa., Daniel B. Pierson, Pierson, Cameron & Morris, P.C., Philadelphia, Pa., for Eugene O'Donnell.

Howard A. Finkelman, Bock & Finkelman, Philadelphia, Pa., for Lorraine Martin, a/k/a Lori Donahue.

Ruth Ann Price, White & Williams, Philadelphia, Pa., for Alan T. Schiffman.

Edward Cohen, Philadelphia, Pa., for Gilbert Tucker.

Roberto Rivera-Soto, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for Bank Leumi Le-Israel B.M.

David A. Soltz, G. Wayne Renneisen, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for Franklin M. Cohen.

Perry S. Bechtle, LaBrum & Doak, Philadelphia, Pa., for Richard Oppenheim.

J. Gregg Miller, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for the Finance Co. of America.

Raymond T. Cullen, Morgan, Lewis & Bockius, Philadelphia, Pa., for Indus. Valley Title Ins. Co.

William J. Barker, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Industrial Valley Agency, Inc.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Defendant Alan T. Schiffman has moved to dismiss plaintiff trustee's complaint against him. For the reasons which follow, the motion will be denied.

On February 3, 1983, Norman Kranzdorf, trustee of the estates of Fidelity America Financial Corp. (FAFCO) (a Pennsylvania corporation) and its three subsidiaries, Fidelity America Mortgage Co. (a Delaware corporation), and Fidelity America Mortgage Co. (a Nevada corporation), collectively referred to as the FAMCO companies, filed an eleven-count complaint against Howard I. Green (the former presi-

dent and chairman of the board of FAFCO and a FAMCO director) and John G. Berg (the former president and chairman of the board of FAMCO). The complaint also names as defendants several entities affiliated with Messrs. Green and Berg, as well as other former directors and persons involved in the FAFCO/FAMCO investment group. One such person is defendant Alan T. Schiffman, who performed certain accounting and auditing services for FAFCO and FAMCO.

Five counts of the complaint state claims against defendant Schiffman: Count V alleges that he aided and abetted, *inter alia,* fraud and the mismanagement and waste of corporate assets by defendants Berg and Green; Count VII alleges that he aided and abetted the principals in FAFCO and FAMCO in violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.;* Counts IX and X, respectively, seek to void an alleged preferential transfer and an alleged fraudulent conveyance made to defendant Schiffman; Count XI seeks the award of punitive damages for Schiffman's alleged outrageous, wanton, reckless and intentional misconduct.

Defendant Schiffman moves to dismiss the complaint on the grounds that Counts V and VII fail to state claims upon which relief can be granted and that this court lacks subject matter jurisdiction to adjudicate claims arising under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* In addition, he moves to dismiss the claim for punitive damages.

*Counts V and VII: Aiding and Abetting*

■ The elements of a claim for common law aiding and abetting are: "(1) that an independent wrong exist; (2) that the aider or abettor know of that wrong's existence and (3) that substantial assistance be given in effecting that wrong." *Walck v. American Stock Exchange, Inc.,* 687 F.2d 778, 791 (3d Cir.1982), *quoting Landy v. Federal Deposit Insurance Corp.,* 486 F.2d 139, 162–63 (3d Cir.1973), *cert. denied,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974).

■ Defendant Schiffman argues initially that plaintiff has not and cannot allege actual knowledge on the part of Schiffman of either fraud, corporate waste and mismanagement (Count V) or racketeering activities (Count VII).

Count V of the complaint, in paragraph 84, provides:

This count is brought against defendants Donahue, Murray, Tucker, U.S. Management, Schiffman, Cohen, Green Trust, Oppenheim and FCA as aiders and abbettors [abettors], *each of whom had knowledge,* or, but for their reckless disregard of the facts should have had knowledge, of Green and Berg's aforementioned course of conduct and/or their mismanagement, waste, breaches of fiduciary duties or gross negligence and lent substantial assistance thereto.

Complaint, ¶ 84 (emphasis added).

In addition, paragraphs 96 and 97 of Count V provide:

96. At the request of Green and Berg, Schiffman prepared pro forma financial statements, projections and other information in connection with various of the limited partnership syndications and certified financial statements of FAFCO and the FAMCO companies for use in inducing investments by limited partners and loans by commercial lenders.

97. *In the course of preparing such financial statements and information, Schiffman became aware, if he did not otherwise already know, of the course of conduct being engaged in by Green and Berg* and particularly, that the limited partnership syndications were not financially viable by reason of their structure and the manner in which their financial affairs were conducted by Green and Berg.

*Id.* at paragraphs 96 and 97 (emphasis added).

The above allegations are sufficient to meet the "knowledge" requirement for pleading a cause of action in aiding and abetting. Since the assertion of actual knowledge of the alleged wrongful conduct by Messrs. Berg and Green forming the

**338**

basis for both claims is set forth in Count V and incorporated by reference in Count VII, the necessary element of knowledge is properly set forth in both counts.

■ Defendant Schiffman next argues that, as to Counts V and VII, the necessary element of "substantial assistance" is not and cannot be properly pleaded.

Count V of the complaint provides:

Schiffman's preparation of pro forma financial statements and other financial information respecting said syndications substantially assisted Green and Berg by inducing investors to contribute capital to the partnerships and enabling the FAMCO companies to obtain bank loans, thereby permitting new syndications to be started and thus perpetuating the Green and Berg's improper scheme and course of conduct.

Complaint, ¶ 98. In addition, paragraph 84 of the same count provides:

This count is brought against defendants Donahue, Murray, Tucker, U.S. Management, Schiffman, Cohen, Green Trust, Oppenheim and FCA as aiders and abettors, each of whom had knowledge, or, but for their reckless disregard of the facts should have had knowledge, of Green and Berg's aforementioned course of conduct and/or their mismanagement, waste, breaches of fiduciary duties or gross negligence and *lent substantial assistance* thereto.

Complaint, ¶ 84 (emphasis added).

This is not a situation, such as that in *Landy v. Federal Deposit Insurance Corporation*, 486 F.2d 139, 163 (3d Cir.1973), *cert. denied*, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974), in which the alleged participation was "minor" and intended to achieve another independent goal. The alleged participation in this case is clearly of an active and substantial nature. *See* Complaint ¶ 98 quoted *supra*.

Count V, then, plainly sets forth the element of "substantial assistance" necessary for a cause of action in aiding and abetting.

The above allegations are incorporated by reference in Count VII and provide at least a portion of the basis for the cause of action under the civil RICO provisions. Count VII is therefore sufficient to meet the "substantial assistance" pleading requirement.

In sum, it cannot be said that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [Counts V and VII] which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). As a result, defendant Schiffman's motion to dismiss these counts will be denied.

*Counts IX and X: Preferential Transfers*

Defendant Schiffman asserts that these counts, brought under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 547, should be dismissed because this court lacks subject matter jurisdiction to adjudicate claims arising under that act. In a separate memorandum opinion in this action, I have concluded that under the law of this circuit I have jurisdiction under 28 U.S.C. § 1471 over civil proceedings arising in or related to bankruptcy. *See Kranzdorf v. Green*, No. 83–566 (E.D.Pa. July 28, 1983). Defendant Schiffman's motion to dismiss Counts IX and X will be denied.

*Count XI: Punitive Damages*

■ Defendant Schiffman seeks to dismiss this count since the plaintiff's claims for compensatory damages allegedly fail to state claims upon which relief can be granted. Since I have concluded that Counts V, VII, IX and X do state proper claims, defendant's motion to dismiss the claim for punitive damages will be denied. An order follows.