LSC ASSOCIATES and Charles A. Heisterkamp, III, Richard J. Wroblewski, Frank E. Phillips, Martin Y. Sponaugle, Joseph J. Frank, and John T. Meeder, t/a LSC Associates

v.

## LOMAS & NETTLETON FINANCIAL CORPORATION and James J. Gormley.

### Civ. A. No. 85–6339.

United States District Court, E.D. Pennsylvania.

Feb. 20, 1986.

---

Joseph F. Roda, Lancaster, Pa., for plaintiffs.

Lawrence F. Stengel, Lancaster, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

HUYETT, District Judge.

Plaintiffs, all members of a real estate partnership, brought this action against de-

fendants to recover treble damages, attorneys' fees and costs for defendants' alleged violation of the Racketeer Influenced Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961 *et seq.* Defendant Lomas & Nettleton had allegedly agreed to provide certain construction financing but when that financing did not come through and because of defendants' false and fraudulent representations and omissions and plaintiffs' reasonable reliance on their promises and representations, plaintiffs allegedly were forced to sell the land on which they had planned to develop an outpatient surgical center.

Defendants have filed a motion to dismiss plaintiffs' RICO action.[1] For the reasons outlined below, I will deny this motion.

In deciding a motion to dismiss, I must accept as true all factual allegations made in the complaint and must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to plaintiff. Dismissal is appropriate only when it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1975).

Defendants first contend that plaintiffs have failed to plead a pattern of racketeering activity. A "pattern of racketeering activity" is defined in the RICO statute as follows:

> "[P]attern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

18 U.S.C. § 1961(5). There have been few cases which have addressed the definition of a pattern of racketeering activity. Plaintiffs have alleged that defendants committed several acts of mail fraud and

wire fraud as those terms are defined in 18 U.S.C. §§ 1341 and 1343 by using the mails and telephones to make their promises and misrepresentations to plaintiffs. Defendant contends that each of these acts was part of a single transaction and therefore cannot constitute a pattern of activity for purposes of RICO.

 I find that defendants' argument fails for two reasons. First, I believe that defendants have confused the burden plaintiffs carry to state a claim and the burden they have to prevail on a RICO claim. Plaintiffs have clearly alleged two or more predicate acts which is all that is required to state a claim. Defendant relies extensively on Justice Powell's dissent in *Sedima v. Imrex Company, Inc.,* 473 U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) in which he stated:

> The definition of "pattern" may thus logically be interpreted as meaning that the presence of the predicate acts is only the beginning: Something more is required for a "pattern" to be proved.

473 U.S. at ——, 105 S.Ct. at 3289, 87 L.Ed.2d at 378. Even if I were to accept Justice Powell's comments in his dissent as indicative of the direction the Court would go if faced with the issue of what constitutes a "pattern," I do not believe his comments assist defendants in their motion to dismiss. Justice Powell stated that something more is required for a "pattern" to be proved; it does not follow that something more than predicate acts need be alleged to state a claim.

Moreover, defendants contend that there was only a single transaction between the parties and therefore no pattern can possible be established. As the court in *United States v. Starnes,* 644 F.2d 673, 678 (7th Cir.1981) held, "the fact that there is but one objective underlying the separate acts does not diminish the applicability of RICO to those acts." Although *Starnes* was a criminal case, I believe that the court's reasoning is equally applicable here. In

---

1. Defendants have requested oral argument on this motion pursuant to Local Rule 20(f). I do not believe that oral argument would be helpful and will therefore deny defendants' request. I note that Rule 20(f) provides that a court may decide a motion without oral argument.

*Starnes*, defendants had argued that RICO cannot apply to a conspiracy to commit a single arson; the predicate acts were mail fraud and interstate travel with the intent to commit arson. The court held that although there was a single objective, the arson, several acts of racketeering were necessary to meet the single objective. Similarly, while there may have been only one transaction intended or one objective, defendants allegedly committed several racketeering acts to entice plaintiffs to enter that transaction. Therefore, defendants' motion to dismiss on the grounds of failure to plead a pattern of racketeering activity will be denied.

Defendants also contend that plaintiffs have failed to plead an enterprise separate from the defendants. In *B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628, 633–34 (3d Cir.1984), the court held that the "person" charged with the RICO violation cannot be the same entity as the "enterprise" under section 1962(c). The court concluded that this holding was mandated by the Congressional intent to punish infiltrating racketeers rather than the legitimate corporation which might be an innocent victim of the racketering activity.

■ Plaintiffs have alleged two counts in their RICO complaint; these will be examined *in seriatim*. In count one of their complaint, plaintiffs allege that each of the following is an enterprise within the meaning of 18 U.S.C. § 1962(c): (1) Dumas, (2) Mega Corp., and (3) "the association Defendants entered into with McElroy, Dumas, and Mega for the purposes of providing mortgage financing for commercial projects in general, and for the purpose of providing mortgage financing for Plaintiffs in particular." Defendants contend first that plaintiffs have not pleaded sufficient facts to establish that Mega and Dumas are RICO enterprises. Again, I believe that defendants have confused what must be pleaded with what must be proved. As the court in *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786 (3d Cir.1984) noted, *United States v. Riccobene*, 709 F.2d 214 (3d Cir.), *cert. denied*

*sub nom. Ciancaglini v. United States,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983) and *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) upon which defendants rely, do not address what must be pleaded in order to state a cause of action. The *Seville* court held that the rules of pleading require nothing more than that the plaintiff identify the four entities it believed were the enterprises that had been marshalled against it. 742 F.2d at 790. I thing that plaintiffs' allegations in count one are more than sufficient to satisfy the pleading rule under the reading of *Seville*. Moreover, I believe that plaintiffs have sufficiently alleged the background facts pertaining to Dumas and Mega to establish that they are enterprises.

■ Similarly, I cannot accept defendant's argument that the association of Mega, Dumas, and Lomas & Nettleton cannot constitute a RICO enterprise in this case because Lomas & Nettleton is a RICO person. The error in defendants' reasoning is the assumption that a RICO "person" can never be a member of the enterprise. The enterprise plaintiffs allege is the association of which Lomas & Nettleton is a member and which Lomas & Nettleton allegedly used to defraud plaintiffs. Therefore, this case can be distinguished from *Hirsch* where the enterprise and the person were the same corporate entity.

■ In count two plaintiffs state a RICO claim against James J. Gormley and allege that defendant Lomas & Nettleton is an enterprise within the meaning of 18 U.S.C. § 1962(c). Gormley was employed by and associated with Lomas & Nettleton at the time of the alleged incidents. Defendant contends that defendant Gormley cannot be a RICO "person" associated with Lomas & Nettleton as a RICO "enterprise" because Gormley's acts were performed in the course and scope of his employment with Lomas & Nettleton. Again, I believe that defendants raise issues which go beyond the scope of a motion to dismiss. Moreover, I do not find the court's decision in

*Tarasi v. Dravo Corporation,* 613 F.Supp. 1235 (W.D.Pa.1985) dispositive. In *Tarasi,* the enterprise was alleged to be the corporation and the defendant or the RICO person was the corporation. The Judge concluded that the fact that the action giving rise to the RICO claim were performed by agents of the corporation were irrelevant because the corporation could only act through its agents. In this case, the RICO person is Gormley who was an employee of the alleged enterprise, the corporation.

Section 1962(c) only applies to a person "employed by or associated with" the enterprise. Therefore, § 1962(c) presupposes that the RICO person may be using his employment position to perform the alleged racketeering acts, and plaintiffs' allegations are sufficient. It is premature for me to determine that Gormley and Lomas & Nettleton were one and the same; as alleged, the employee/"RICO" person and the corporate employer/RICO "enterprise" are two separate entities.

■ Defendants' final argument is that plaintiffs have failed to allege fraud with sufficient specificity pursuant to Fed. R.Civ.P. 9(b). The court in *Seville Indus. Machinery v. Southmost Machinery,* 742 F.2d 786 (3d Cir.1984), addressed the precise issue of what plaintiffs must plead in a RICO action to satisfy the requirements of Rule 9(b). The court specifically noted that allegations of date, time, and place are not required. Rather, fraud allegations are sufficient if they place the defendant on notice of the precise misconduct with which they are charged and are sufficient to safeguard defendants against spurious charges of immoral and fraudulent behavior. I am satisfied that plaintiffs' allegations satisfy the requirements of Rule 9(b). Plaintiffs have described the scheme to defraud and the statements or omissions made to effect that scheme. It is not necessary that they set forth the time or date for each statement, letter or telephone call. Therefore, I conclude that defendants' contentions must be rejected.