Frank GRABOWSKI

v.

AGRICULTURAL INSURANCE COMPANY, et al.

Civ. A. No. 86–2714.

United States District Court, E.D. Pennsylvania.

Oct. 16, 1986.

H. Francis deLone, Jr., Philadelphia, Pa., for plaintiff.

Ronald B. Hamilton, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This civil action arises out of an insurance contract issued by defendant Agricultural Insurance Company. The policy coverage included vandalism and malicious mischief. The defendant insurance company has refused to pay plaintiff's claim for damages. The amended complaint sets forth two causes of action: breach of contract (against Agricultural Insurance Com-

pany) and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (against Great American Insurance Company and Daniel Dudenhoeffer). Defendants have moved to dismiss the amended complaint.

## I. BREACH OF CONTRACT

■ It is undisputed that to fall within the insurance policy's coverage of "acts of vandalism or malicious mischief" the damage must have been done with malicious intent. Defendants argue that the complaint fails to state a cause of action for breach of contract because it cannot reasonably be thought that the intentional act of a vandal led to the damage to the plaintiff's property.

In deciding a motion to dismiss, I must accept as true all well pleaded factual allegations made in the complaint and must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to plaintiff. Paragraph 13 of the complaint clearly alleges that "acts of vandalism or malicious mischief by unknown individuals caused ... damage." Under the federal rules, the complaint need only set forth a short and plain statement of claims sufficient to give defendant fair notice of the nature of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957); *Bogosian v. Gulf Oil*, 561 F.2d 434, 446 (3d Cir.1977). "[A] complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 102 (1957) (footnote omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely

but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Applying these principles, the present complaint states a cause of action for breach of contract.

## II. RICO COUNT

The second count alleges a scheme to defraud plaintiff by refusing to pay funds due on the insurance contract. Defendants argue that the complaint fails to state a cause of action under RICO because it fails to allege mail fraud with sufficient specificity, and because it fails to allege properly a continuing pattern of racketeering activity.

■ The first argument fails. The allegation of mail fraud rests on two letters to the plaintiff and his attorney in which the defendant insurance company states that it will not pay the claim submitted by the plaintiff. Taking the allegations of the complaint to be true, these mailings are sufficiently closely related to the defendants' scheme to establish mail fraud. *United States v. Lebovitz*, 669 F.2d 894, 896 (3d Cir.) *cert. denied* 456 U.S. 929, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982). A scheme to defraud plaintiff by denying benefits could not be executed without written notification to plaintiff of the denial. Therefore, the letters were an essential element in the furtherance of the scheme. *Id.* [1]

■ Defendants' additional argument that the letters were mailed after the objective of the scheme had been accomplished rests on the erroneous premise that the scheme consisted of the decision to defraud the plaintiff. That decision is merely one step in the alleged scheme to deny payment to the plaintiff. All acts designed to further that scheme may be considered. *Lebovitz*, 669 F.2d 894, 896.

■ However, the complaint is deficient in another respect. To establish a violation

---

1. *United States v. Tarnopol,* 561 F.2d 466 (3d Cir.1977), is not to the contrary. At the time they were mailed, the packing slips in *Tarnopol* were a routine and intrinsically innocent procedure used in a legitimate business enterprise. It

was only after the slips were mailed and received that they were used as a convenient tool to further a fraudulent scheme. 561 F.2d at 472.

of RICO, the plaintiff must allege a pattern of racketeering activity. This requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years ... after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). While two separate acts are necessary, they may not be sufficient. *Sedima S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

In the months since the *Sedima* decision, district courts have attempted to develop a more meaningful concept of "pattern of racketeering activity." This court has repeatedly held, and continues to hold, that the predicate acts which make up a pattern may be part of the same transaction or scheme. *Penturelli v. Spector Cohen Gadon & Rosen*, 640 F.Supp. 868, 874 (E.D. Pa.1986); *LSC Associates v. Lomas & Nettleton Financial Corp.*, 629 F.Supp. 979, 981–82 (E.D.Pa.1986).

The inquiry does not end, however, with a finding of two separate acts. To establish a pattern, there must be both continuity and a relationship between the two acts. *Sedima*, 105 S.Ct. 3275, 3285 n. 14; *see Malley-Duff & Associates v. Crown Life Insurance Co.*, 792 F.2d 341, 353 n. 20 (3d Cir.1986). "[T]here must be racketeering acts over a substantial period of time, which when combined with the relatedness requirement, form a group distinguishable in composition, *i.e.* a 'design or configuration.'" *United States v. Freshie Co.*, 639 F.Supp. 442, 444 (E.D.Pa.1986). The acts must be "not only sufficiently connected, but also sufficiently differentiated, to suggest a design or configuration." *Kredietbank, N.V. v. Joyce Morris, Inc.*, C.A. No. 84–1903 slip op. at 5 (D.N.J. January 9, 1986).

In *Penturelli*, defendants were alleged to have committed a series of acts over four years to entice plaintiff and other individuals to invest in coal mining operations. *LSC Associates* involved an allegation of a series of letters, phone calls and meetings over a period of several months.

The defendants in *Freshie* were charged with eleven acts of bribery over three years.

In the present case, the complaint rests on two letters written within a six week period. The first, addressed to the plaintiff, simply denies his claim, stating that the damage was not covered by the policy. The second is a response to correspondence received from plaintiff's attorney, and restates the defendants' position. The letter further explains why the claim of vandalism is rejected.

These two letters are not sufficiently differentiated to establish a pattern of racketeering activity. The second letter is distinguishable from the first only in the name of the addressee (still the plaintiff's representative) and the supplemental information given. The basic substance of the letter has not changed. Moreover, the only two alleged incidents of mail fraud occurred within six weeks of one another. In the context of this case, six weeks does not constitute a "substantial period of time."

## CONCLUSION

For these reasons, the motion to dismiss Count I of the complaint will be denied. The motion to dismiss Count II will be granted.

**UNITED STATES of America**