**MORAVIAN DEVELOPMENT CORP.**

v.

**The DOW CHEMICAL CO., et al.**

**Civ. A. No. 85–7444.**

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1986.

Robertson B. Taylor, Bethlehem, Pa., for plaintiff.

Joseph G. Manta, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Moravian Development Corp. ("Moravian") brought this civil action against Dow Chemical Co., Dow Chemical U.S.A., and Amspec, Inc. for property damages resulting from Moravian's use of Sarabond, a mortar additive produced and sold by defendants. Moravian's complaint seeks damages on several grounds including breach of contract, various tort actions, common law fraud and conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The RICO claims are based on allegations of mail fraud.

Defendants have moved 1) to dismiss the RICO counts (IX and X) and the common law conspiracy count (VIII) for failure to state a claim upon which relief can be granted; 2) to dismiss the RICO counts (IX and X) and the common law counts based on fraud or fraudulent misrepresentation (V–VIII) for failure to plead fraud with sufficient specificity; 3) to strike the claims for punitive damages in the RICO counts and attorneys' fees in the common law counts; and 4) to dismiss Dow Chemical U.S.A. and Amspec, Inc. from the action on the grounds that they are not proper parties to this litigation. In addition, defendant's motion asserts that the RICO claims should be dismissed because RICO is inappropriate in a product liability setting.

In deciding a motion to dismiss, I must accept as true all well pleaded factual allegations made in the complaint and must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to the plaintiff. Under the federal rules, the complaint need only set forth a short and plain statement of claims sufficient to give defendant fair notice of the nature of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bogosian v. Gulf Oil*, 561 F.2d 434, 446 (3d Cir.1977). "[A] complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–02 (footnote omitted).

## I. *Sufficiency of the Complaint*

Defendants contend that Moravian's RICO and RICO conspiracy claims are deficient in that Moravian failed a) to allege a person separate from the enterprise; b) to plead a pattern of racketeering activity; c) properly to allege any conspiracy or to show the requisite agreement; or d) to plead fraud with sufficient particularity. In a section denoted "Overview," they contend that, as an initial matter, RICO claims are inappropriate in a product liability setting. They contend that certain common law counts should also be dismissed for failure to plead fraud with sufficient particularity and for failure to allege a conspiracy.

## A. *RICO in a Product Liability Setting*

Defendants argue that RICO was enacted to combat organized crime, and is distorted when it is injected into a product liability suit. They allege that the RICO claims are included here in an effort to "extort a larger settlement from defendants by improperly increasing the risk through allegations of criminal misconduct and the spectre of treble damages."

■ Such serious allegations are not to be taken lightly. However, nothing in the statute limits its application to organized crime, or to particular causes of action. 18 U.S.C. § 1961; *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). Moreover, plaintiff may not succeed on its RICO claims unless it can prove its underlying allegations of fraud. Thus, the complaint goes beyond the limits of a traditional product liability suit.

## B. *The Existence of an Enterprise*

Defendants argue that counts IX and X fail because Moravian has failed to allege a "person" separate and apart from the "enterprise." A "person" charged with engaging in racketeering activity in violation of RICO must be a distinct entity from the "enterprise" with which that person was associated. *B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628, 633 (3d Cir. 1984). Therefore, none of the corporate entities named as persons in Moravian's complaint can *individually* assume the role of the requisite "enterprise" under 18 U.S.C. § 1962(c). However, Moravian has not alleged that the defendants were enterprises *individually*, but rather that the defendant persons, *associated in fact*, constituted an enterprise. (Complaint P. 96, 98). Thus, the issue is whether such an

association of corporations can form an enterprise.

■ "Enterprise" is defined in 18 U.S.C. § 1961(4) as *including* "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Although the statute does not expressly include an association of corporate entities, the statutory list is not an exclusive one. *United States v. Perkins,* 596 F.Supp. 528, 530 (E.D.Pa.), *aff'd,* 749 F.2d 29 (3d Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). To read the statute as excluding a group of corporations from the definition "would 'make [n]onsense of the statute.'" *Id.,* (quoting *United States v. Huber,* 603 F.2d 387, 394 (2d Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). An association of corporate entities may form an enterprise separate and distinct from each member of that association. *See LSC Associates v. Lomas & Nettleton Financial Corp.,* 629 F.Supp. 979, 982 (E.D.Pa.1986).

Defendants argue that the plaintiff fails to allege an "enterprise" substantially different from the acts that form the "pattern of racketeering activity." They argue that the association of entities which is alleged here has no separate and independent existence. At this stage of the proceedings, a plaintiff is not required to show that the enterprise is separate from the pattern of racketeering activity in its pleading, but must simply identify the enterprise. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 789–90 (1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985); *LSC Associates v. Lomas & Nettleton Financial Corp.,* 629 F.Supp. at 982. The goal is to put the defendant on notice of the claims against him.

As is discussed *infra,* I believe that it is premature to determine, based on the current record, the exact nature of the relationship among these entities. I do not decide whether the three corporate entities named here could form an enterprise for the purposes of RICO. I hold only that the issue is not ripe for resolution at this stage of the proceedings.

## C. *Pattern of Racketeering Activity*

■ Defendants also contend that counts IX and X should be dismissed because Moravian has failed sufficiently to plead a pattern of racketeering activity under section 1961(5), which requires at least two acts of racketeering activity, one of which must have occurred after October 15, 1970, and the last of which occurred within ten years of the commission of the prior act. A careful reading of the complaint reveals that the timing requirements of section 1961(5) have been met. The alleged predicate act occurred in 1971. (P. 41). The plaintiff has alleged numerous additional acts. (P. 100). While it is acknowledged that plaintiff has failed specifically to aver that a second act occurred within ten years of the predicate act, Moravian has provided further clarification of the timing of the alleged racketeering activity in its brief. Pursuant to the policy of allowing liberal amendment of the complaint, I will permit plaintiff to amend the complaint to set forth the date of a second act of racketeering activity.

■ Defendants also contend that Moravian did not and cannot establish the requisite pattern of racketeering activity because more than one criminal scheme or episode is required to give rise to a pattern under the "continuity plus relationship" standard of *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). This court has consistently held that where there has been a series of racketeering acts, "'the fact that there is but one objective underlying the separate acts does not diminish the applicability of RICO to those acts.'" *Penturelli v. Spector Cohen Gadon & Rosen,* 640 F.Supp. 868, 874 (E.D.Pa.1986) (quoting *United States v. Starnes,* 644 F.2d 673, 678 (7th Cir.), *cert. denied,* 454 U.S. 826, 102 S.Ct. 116, 70 L.Ed.2d 101 (1981)). *See also Grabowski v. Agricultural Insurance Co.,* 646 F.Supp. 841, 843 (E.D.Pa.1986); *LSC*

*Associates v. Lomas & Nettleton Financial Corp.,* 629 F.Supp. 979, 981–82 (E.D. Pa.1986); *United States v. Freshie Co.,* 639 F.Supp. 442, 445 (E.D.Pa.1986). Thus, I find that plaintiff has sufficiently pled a pattern of racketeering activity.

### D. *The Existence of a Conspiracy*

Defendants argue that Moravian cannot state a cause of action under either a statutory or common law conspiracy theory because neither Dow Chemical U.S.A. or Amspec, Inc. are entities that can conspire with Dow Chemical Company or with each other. Defendants argue that Dow Chemical U.S.A. is merely an operating unit of Dow Chemical Company, and is not an entity capable of holding a legal or beneficial interest in property, and therefore is not a person under RICO section 1961(3). Defendants argue that Amspec, Inc. is a wholly owned subsidiary of Dow Chemical. Defendants argue that both a wholly owned subsidiary and an operating unit of a company are legally incapable of conspiring with the parent company or with each other. In addition, defendants argue that Dow Chemical, U.S.A. and Amspec, Inc. are not entities capable of being sued.

The issues presented here are complex and important ones. As a threshold matter, the court must determine the exact nature of the relationship between these entities. This relationship is not apparent from the pleadings. Defendants have submitted the affidavit of Paul Wright. On a motion to dismiss, I am not required to consider such evidence. Moreover, as is pointed out by the plaintiff, the record does not show whether Dow, Dow U.S.A. and Amspec maintain common officers and/or directors, have similar marketing images, or have similar trademarks and/or logos. Because I find, in this case, that these issues may be more fully considered by the court on a motion for summary judgment, I decline to decide the issues at the present time.

### E. *Pleading Conspiracy and Fraud with Sufficient Specificity*

Defendants argue that the RICO conspiracy count and the counts relating to common law fraud should be dismissed for failure to plead fraud with sufficient particularity, as required by Fed.R.Civ.P. 9(b).

In order to properly allege a RICO conspiracy, plaintiff must "assert that each defendant so charged has 'by his words or actions ... objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes.' " *Eaby v. Richmond,* 561 F.Supp. 131, 137 (E.D.Pa.1983) (quoting *United States v. Boffa,* 688 F.2d 919, 937 (3d Cir.1982), *cert. denied,* 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 494 (1983)) (emphasis omitted). Moreover, as the *Eaby* court went on to state, a civil RICO conspiracy must be plead " 'with enough specificity to inform multiple defendants of the facts forming the basis of the conspiracy charge. Such allegations must delineate among the defendants as to their participation or responsibilities in making the statements which are the subject of the suit. Conspiracies described in sweeping or general terms cannot serve as the basis for a cause of action and may be dismissed.' " 561 F.Supp. at 137 (quoting *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1141 (D.Mass.1982)).

Of course, rule 9 applies as well to the common law claims of fraud. The primary purpose of the rule is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

■ I agree that the allegations in Moravian's complaint concerning fraud are not sufficiently specific under rule 9(b). Plaintiff asserts that defendants manufactured, marketed and sold Sarabond, and that they misrepresented the product. Count IX al-

leges that "on numerous occasions" defendants caused letters to be mailed and information to be transmitted by wire containing false information about Sarabond. Count X contains general allegations of conspiracy. These allegations do not show that each defendant objectively manifested an agreement to participate in an enterprise through the commission of two or more predicate crimes. Count VI contains general allegations of intentional misrepresentation. Count VII provides greater detail of the substance of the alleged fraudulent representations, but does not allege the circumstances surrounding them. Count VIII, alleging conspiracy, also sets forth general allegations of fraud.[1]

In *Eaby*, plaintiffs argued that they were unable to plead fraud with particularity because the facts underlying their claim were particularly within the defendant's knowledge. The court granted leave to take discovery for sixty days, after which the defendants could renew the motion to dismiss if the complaint had not been properly amended. *Id.*

Plaintiff argues that here, as in *Eaby*, the facts of the agreement are particularly within the control of the defendants, and that the court should therefore allow time for discovery and amendment of the complaint. Defendants respond that amended Fed.R.Civ.P. 11 requires that attorneys certify with their signature that the complaint is well-grounded in fact, and argue that a complaint which is not well-grounded should be dismissed.

■ Rule 11 is not designed to block suits in which pertinent information is largely under the control of the opposing party; what is required by the rule is a reasonable inquiry into the facts under the circumstances of each particular case. *Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n.*, 365 F.Supp. 975, 982–83 (E.D.Pa.1973); Fed.R.Civ.P. 11 note on

1983 Amendment. Furthermore, defendants' argument is contrary to the liberal federal policy in favor of allowing amendments. *Eaby*, 561 F.Supp. at 137.

Therefore, I will deny without prejudice the motion to dismiss counts V–X of the complaint. Defendant may renew this motion following the completion of discovery and an opportunity to amend the complaint.

## II. *Punitive Damages in a RICO Action*

Moravian has sought punitive damages in conjunction with its RICO claims. Defendants contend that punitive damages are inappropriate in a RICO claim because treble damages are themselves punitive. Defendants support their argument by analogy to the Sherman Act. Under the Sherman Act, the policy is clearly established that "[p]unitive and treble damages cannot both be awarded for violation of antitrust laws." *Arnott v. American Oil Co.*, 609 F.2d 873, 888 (8th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980).

The issue of punitive damages in RICO claims has not yet been directly addressed by the courts. None of the cases plaintiff has marshalled in support of punitive damages involved RICO claims. One court has ruled against dismissing a claim for punitive damages in a complaint involving several counts, including a RICO count, but the court did not single out the RICO count or analyze the issue of whether treble and punitive damages should both be assessed. *Kranzdorf v. Green*, 582 F.Supp. 335, 338 (E.D.Pa.1983). When the fifth circuit was confronted with this issue, the court avoided it by disallowing punitive damages on other grounds. *Alcorn County, Miss. v. U.S. Interstate Supplies*, 731 F.2d 1160, 1170 & n. 16 (5th Cir.1984).

■ Defendants' argument that punitive damages are not appropriate in addition to the treble damages provided by RICO is

---

1. I am not persuaded that rule 9 is applicable to count V, asserting malicious and reckless misconduct. Plaintiff asserts, *inter alia,* failure to test, failure to manufacture a safe product, and failure to warn. It is true that the plaintiff also asserts that defendants represented falsely that Sarabond would be fit for its intended use, but I do not believe that this allegation converts this count to a claim for fraud subject to rule 9.

**150**

compelling. In this context, the analogy to the Sherman Act is helpful. The legislative history of RICO describes the RICO treble damages provision as "another example of the antitrust remedy being adapted for use against organized criminality." 116 Cong. Rec. 35295 (1970). I find no basis for allowing punitive damages in addition to treble damages. The claims for punitive damages in Counts IX and X will be stricken.

### III. *Attorneys' Fees*

 Defendant moves to strike the claims for attorneys' fees from all counts alleging common law violations. Plaintiff concedes that Pennsylvania law does not provide for the recovery of attorneys' fees on its common law claims. I therefore strike the claim for attorneys' fees from Counts I–VIII.

### *Conclusion*

The motion to dismiss counts VIII, IX and X for failure to state a claim on which relief can be granted will be denied. The defendants may raise its argument that the three defendants are not capable of forming an enterprise or conspiracy in a motion for summary judgment. The motion to dismiss counts V–X for failure to plead with sufficient specificity will be dismissed without prejudice to its renewal following the completion of discovery and an opportunity to amend the complaint. The motion to dismiss Dow Chemical U.S.A. and Amspec, Inc. as parties will be denied without prejudice to its renewal as a motion for summary judgment. The claims for punitive damages in counts IX and X, and for attorneys' fees in counts I–VII, will be stricken.