**358**

**In re MID–ATLANTIC TOYOTA ANTITRUST LITIGATION.**

**No. MDL–456.**

United States District Court, D. Maryland.

May 26, 1981.

Michael F. Brockmeyer, Baltimore, Md., for State of Maryland.

Timothy J. Shearer, Washington, D. C., for District of Columbia.

William J. Mutryn, Washington, D. C., for Anton Motors, Alexandria Toyota, Calvert Motors, and Tysons Toyota.

Robert A. Rohrbaugh, Rockville, Md., for Croyste Toyota and Waldorf Toyota.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Currently before the Court are two separate Motions for Protective Order to stay discovery pending completion of criminal proceedings. The first Motion has been filed on behalf of Croyste Toyota and Waldorf Toyota [the Croyste Motion], two dealer defendants in the Maryland *parens patriae* action. The second Motion is on behalf of Anton Motors, Calvert Motors, Tyson's Toyota, and Alexandria Toyota [the Anton Motion], four defendant dealers in the District of Columbia *parens* case.[1] Both Motions seek a stay of these proceedings pending resolution of the current Philadelphia grand jury investigation of possible criminal antitrust violations, and also pending resolution of any future, as yet undetermined criminal proceedings. It appears from the record that at least some of the dealer defendants have testified before the Philadelphia grand jury, but do not know whether they are actual targets of the investigation.[2] For reasons to follow, the request for a blanket stay will be denied, but civil discovery will necessarily be limited from time to time in deference to the Fifth Amendment rights of certain individuals.

■ The power of a district court to stay proceedings is an offshoot of a court's inherent power to control its docket. *Landis v. North American Company*, 299 U.S. 248, 254–5, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). It is a purely discretionary power. Indeed, given this discretion, one Court has been moved to state that identical fact situations may evoke contrary responses from different judges, with both responses being well founded in the law. *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53 (E.D.Pa. 1980). In determining whether to stay a civil proceeding in response to pending, or in this case potential, criminal proceedings, the courts have traditionally looked to five factors for guidance. These factors are: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Golden Quality, supra.* Application of these factors to the present case, in light of the indisputable fact that there are currently pending criminal charges against *none* of the civil defendants, indicates that a civil stay would be plainly inappropriate.

■ The delay sought by the defendants here would be unprecedented in its scope. Not only do the defendants seek a stay pending completion of any criminal actions which may arise from the current Philadelphia grand jury investigation, but they also seek a stay pending completion of any criminal proceedings which might be brought at some unspecified future time by the Department of Justice, the Maryland Attorney General, or other state law enforcement officials. No case cited to this Court has involved a blanket stay in such speculative circumstances. Were the Court to approve such a request, stays would be mandated in all future civil cases in which the possibility, however remote, existed that criminal proceedings would eventually be pursued from related or similar facts. The prejudice to plaintiffs in such instances, and in this particular instance, is more than apparent. Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end. The first of the *Golden Quality* factors, then, unmistakably counsels against a stay. *See also Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 269 F.Supp. 540 (E.D.Pa.1967).

---

1. Anton Motors is also a defendant in the Maryland case; Croyste in the District of Columbia action.

2. The Court was verbally informed by Mr. Monk, counsel for plaintiff, on May 22, 1981, that the Philadelphia grand jury investigation has been terminated and that no criminal charges have been filed relating to Toyota dealers.

The second factor, the burden on the civil defendants without a stay, likewise indicates that a stay should be denied. As criminal proceedings are currently not pending against any of the defendants, these defendants are not encumbered with the burden of developing simultaneously both criminal and civil defenses, as was the case in *Golden Quality*. Further, Fifth Amendment self-incrimination protections will in no way be adversely affected by denial of a stay, since corporate defendants are not entitled to those protections. There is no evidence, additionally, to suggest that each and every corporate employee of the civil defendants will be unable to respond to civil discovery. *See United States v. Kordell*, 397 U.S. 1, 8, 90 S.Ct. 763, 767, 25 L.Ed.2d 1 (1969). Finally, while the defendants fear that the *parens* plaintiffs are seeking to use civil discovery as a pretext for gathering criminal evidence, the plaintiffs have expressly represented to this Court that such a fear is without foundation. Plaintiffs, of course, will be held to that representation. In these circumstances, recognizing again that the civil defendants are not subject to any criminal charges at the present time, the inappropriateness of a stay is manifest.

The third factor, convenience of the court, has been taken to refer to the attempts of courts to avoid wherever possible duplicative judicial effort. *Golden Quality, supra.* On the instant facts, given that no criminal charges have been placed against the civil defendants, there are no duplicative judicial efforts to avoid. This factor again distinguishes the instant case from *Golden Quality*, where criminal charges *were* pending against the civil defendants and different judges in the Eastern District of Pennsylvania were responsible for those separate proceedings.

The fourth factor to be considered, and certainly a factor of much concern to this Court, involves the protection of interests of persons who are *not* parties to the present civil litigation. Defendants contend that the continued progress of these civil actions could jeopardize the Fifth Amendment rights of individual employees of the dealer defendants. Defendants likewise suggest that these individual employees might invoke their Fifth Amendment protections on occasions so numerous as to bring civil discovery to a standstill. The Court is aware, of course, that individuals are entitled to raise the Fifth Amendment privilege in a civil case where only a remote possibility of criminal prosecution exists. *See In Re: Corrugated Container Antitrust Litigation*, 620 F.2d 1086, 1091–2 (5th Cir. 1980). The Court is also aware than an assertion of privilege should not be overriden unless it is "perfectly clear ... that the witness is mistaken, and that the answer[s] cannot possibly tend to incriminate." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Nevertheless, the extraordinary remedy of a stay is not necessary to protect the interests of all parties concerned. Rather, the Court can rule on individual assertions of Fifth Amendment privilege if and when such assertions occur. In this way, discovery will be able to proceed forward, and non-defendant employees will be afforded the protections they deserve.

The fifth and final *Golden Quality* factor focuses on the public interest. At present, this multidistrict antitrust litigation involves three (3) individual and four (4) *parens patriae* lawsuits. The *parens patriae* suits are brought on behalf of all allegedly aggrieved citizens residing in the respective states; the individual actions at least purport to be brought on behalf of certain defined classes. It is evident that the general public has a large stake in the outcome of this civil litigation, regardless of what that outcome might be. Furthermore, given the fact that there has as yet been no conscious decision by public representatives to prosecute criminal actions against any of the defendants involved here, there appears to be no public interest in the grant of a stay. For this, and all of the aforesaid reasons, the Anton Motion and the Croyste Motion will be denied, and discovery will proceed accordingly to those schedules approved by this Court.

SO ORDERED.