SOUTHWEST MARINE, INC., a
California Corporation,
Plaintiff,

v.

TRIPLE A MACHINE SHOP, INC., a California Corporation; and Albert O. Engel, an individual, Defendants.

No. C–89–1765 SAW.

United States District Court,
N.D. California.

Aug. 31, 1989.

M. Laurence Popofsky, Monika Lee, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff.

William Jaeger, Eugene Crew, Khourie, Crew & Jaeger, Fred Blum, Margaret Pietrasz, Jaffe, Trutanich, Scatena & Blum, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff moves to consolidate this action with *Service Engineering, et al. v. Southwest Marine, Inc.,* C–86–6096 SAW (*Service Engineering*). Defendants move to dismiss plaintiff's complaint, or in the alternative, to stay this proceeding or request a protective order regarding discovery. Defendants also move to strike plaintiff's claim for punitive damages.

### I.

The Court has discretion to consolidate actions involving a common question of law or fact. Federal Rule of Civil Procedure 42(a) provides

"When actions involving a common question of law or fact are pending before the

court, it may.... order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays."

To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.

■ The Court finds that the likelihood of delay and jury confusion resulting from consolidation of these two, complex actions outweighs any efficiency that might be achieved through consolidation. This action and *Service Engineering* do not state the same causes of action, nor do they involve the same alleged fraudulent scheme. The facts necessary to prove the claims in the respective actions are not in common, nor do the actions necessarily concern the same Navy contracts. Allowing plaintiff to pursue its claims against defendants in this separate action will not involve a substantial duplication of effort. Consolidation of the two actions would likely delay the trial of *Service Engineering* set for September 25, 1989.

## II.

(1) Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A motion to dismiss for failure to state a claim will be denied unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Id.* at 45–46, 98 S.Ct. at 101; *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). All allegations of material fact must be taken as true and construed in a light most favorable to plaintiff. *Id.*

■ Here, defendants' motion to dismiss for failure to state a claim must be denied. Plaintiff's allegations are sufficient to provide fair notice of its claims. Plaintiff alleges that defendants improperly disposed of hazardous wastes and materials, in violation of the applicable environmental laws and regulations, and made false representations concerning the same to the Navy in bids and contracts. Whether and to what extent defendants' bids and contracts with the Navy actually represented or required compliance with environmental laws and regulations is a question of fact, not properly addressed in this motion to dismiss.

Defendants attempt to draw a distinction between hazardous *wastes* and hazardous *materials*, contending that (1) plaintiff's complaint alleges only the improper disposal of hazardous wastes, and (2) nothing in the applicable laws, regulations or Navy contracts required defendants to properly dispose of hazardous wastes. However, plaintiff's complaint cannot be so narrowly read. Defendants admit that the Navy required them to "comply with applicable Federal, state and local laws, codes, ordinances, and regulations ... in connection with hazardous *material.*" *See* 48 C.F.R. Subpart 52.223(d). The distinction between hazardous *wastes* and hazardous *materials*, for purposes of this motion to dismiss, is not compelling. The definition of hazardous materials incorporated in the relevant Navy contracts covers the same substances which constitute hazardous wastes under the applicable federal and state laws. *See* Federal Standard 313–C; Federal Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.;* California's Hazardous Waste Control Act, Cal. Health and Safety Code § 25189.5. Further, plaintiff's complaint sufficiently alleges conduct by defendants that may have violated relevant provisions of the Clean Water Act, 33 U.S.C. §§ 1311 *et seq.,* and Clean Air Act, 42 U.S.C. § 7401 *et seq.*

■ (2) Defendants contend also that plaintiff's complaint must be dismissed because plaintiff is not a third-party beneficiary to any contract between the defendants and Navy, and, therefore, plaintiff has no standing to sue, even if defendants violated terms pertaining to hazardous waste disposal. Defendants' challenge in this regard must be denied.

Plaintiff's first claim is brought under RICO, 18 U.S.C. § 1961 *et seq.* RICO provides that "[a]ny person injured in his business or property by reason of violation of section 1962 ... may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains...." 18 U.S.C. § 1964. This section does not limit who may bring a claim, nor does it limit the type of injury cognizable under RICO, except that the injury must be by reason of a violation of Section 1962. Section 1962 prohibits certain unlawful conduct relating to or constituting a pattern of racketeering activity. Plaintiff alleges that defendants' repeated acts of mail and wire fraud, consisting of false representations that defendants were, or would be, in compliance with relevant environmental laws, regulations, and contract provisions relating to hazardous waste disposal laws, were part of a scheme to defraud the Navy and to gain an unfair competitive advantage over other bidders for Navy contracts. Plaintiff alleges this conduct was unlawful and constituted a pattern of racketeering activity in violation of RICO, 18 U.S.C. §§ 1962(a), 1962(c). Plaintiff further alleges that but for defendants' wrongful conduct, contracts awarded to them by the Navy would have been awarded to plaintiff.

The Court finds that plaintiff has standing to sue and has sufficiently stated a claim actionable under RICO. *See e.g., Capalbo v. Painewebbere, Inc.,* 694 F.Supp. 1315, 1321 (N.D.Ill.1988).

■ Plaintiff also has standing to sue under California Business and Professions Code § 17200 *et seq.* The statute provides that "[actions] for injunctions [for unfair business practices] may be prosecuted ... *by any person* acting for itself, its members or the general public." *Id.* § 17204 (emphasis added). The statute also provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment ... of any practice which constitutes unfair competition, ... or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." *Id.* § 17203.

The law of unfair competition has historically concerned wrongful conduct in commercial enterprises which resulted in business loss to another, ordinarily caused by the use of unfair means in drawing away customers from a competitor. *Meta–Film Associates, Inc. v. MCA, Inc.,* 586 F.Supp. 1346, 1361 (C.D.Cal.1984) (quoting *People v. National Research Company of California,* 201 Cal.App.2d 765, 20 Cal.Rptr. 516 (1962)). The conduct which defendants allegedly engaged in here, obtaining Navy contracts through low bids and costs achieved by improper disposal of hazardous wastes, fits within this historical conception of the law. Moreover, the legal concept of unfair competition was broadened appreciably with the codification of unfair competition law in Section 17200. *See id.* at 1362 (quoting *Barquis v. Merchants Collection Association of Oakland, Inc.,* 7 Cal.3d 94, 109–112, 101 Cal.Rptr. 745, 496 P.2d 817 (1972)).

In light of the expansive construction given statutory unfair competition by the California courts, and because plaintiff has sufficiently alleged injury due to defendants' conduct as described above, the Court concludes that plaintiff has standing to sue and has stated a claim under Cal. Business and Professions Code Section 17200 *et seq. See Meta–Film,* 586 F.Supp. at 1361–62; *Newport Components v. NEC Home Electronics,* 671 F.Supp. 1525, 1551 (C.D. Cal.1987).

(3) Defendants last argument in favor of dismissing plaintiff's complaint is that plaintiff has failed to exhaust administrative remedies.

■ Failure to exhaust administrative remedies may defeat jurisdiction in those cases where it is a "statutorily specified jurisdictional prerequisite." *Montgomery v. Rumsfeld,* 572 F.2d 250, 252–53 (9th Cir.1978) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975)). Otherwise, as to judicially developed requirements of exhaustion, it is within the court's discretion to decide whether to exercise jurisdiction or

dismiss the case. *Id.* at 252–54; *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985). The considerations underlying the exhaustion requirement are to

> "prevent[ ] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."

*Rodrigues*, 769 F.2d at 1349 (quoting *Salfi*, 422 U.S. at 765, 95 S.Ct. at 2467).

■ Here, General Accounting Office (GAO) regulations provide that an interested party, including an actual or prospective bidder, *may* protest to the GAO a solicitation for the procurement of property or services, or the proposed awardof such a contract. *See* 4 C.F.R. § 21.1(a). However, the regulations do not require exhaustion of administrative remedies before plaintiff can file suit. Instead, the regulations state that the GAO must dismiss a protest when the matter involved is the subject of litigation before a court of competent jurisdiction. *Id.* § 21.9.

Requiring exhaustion in this case would not serve the interests noted above. There is no concern of premature interference with agency processes: administrative remedies are no longer available to plaintiff. *See* 4 C.F.R. § 21.2. Furthermore, administrative proceedings would be inadequate to provide plaintiff with relief. The administrative remedies do not include damages. By the time plaintiff allegedly discovered defendants' purported wrongful activity, more than two years had passed since the last contract was performed by defendants at their Hunter's Point Facility, where the improper waste disposal was alleged to have occurred. Because adequate administrative remedies are not available, the Court shall retain jurisdiction and not require exhaustion. *See Crocker v. Tennessee Secondary School Athletic Assoc.*, 873 F.2d 933, 936–37 (6th Cir.1989).

### III.

Defendants request a stay of this action pending final determination of a state criminal proceeding against defendants. On February 19, 1989, the State of California filed a criminal complaint against Triple A, one of the defendants here, alleging violations of the California Health and Safety Code pertaining to disposal of hazardous wastes.

■ The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198 (Fed.Cir.1987). A court, however, has discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice require such action. *Id.* Five factors are to be considered when determining whether or not to grant a stay:

> "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay; (2) the burden on the defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest."

*In Re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D.Mar.1981).

■ The Court concludes that the request for stay should be denied. Plaintiff has an interest in proceeding expeditiously with this action. "Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." *Id.* at 359. Requiring defendants to go forward with this action will not present a great burden. There is no identity of parties as between this action and the criminal action. Fifth Amendment self-incrimination protections will not be adversely affected by denial of the stay, since Triple A, a corporate defendant, is not entitled to those protections. *Id.* at 360. Moreover, should defendant Engels be named a defendant in the criminal action, the Court can rule on individual assertions of fifth amendment privilege if and when such assertions occur.

The third factor, convenience of the court, refers to the attempts of courts to avoid duplicative judicial effort. *Id.* The Court finds that this action involves issues, evidence and parties which are different from those in the pending criminal action. Although facts concerning defendants' alleged dumping of hazardous wastes are common to each action, criminal conviction is not necessary to plaintiff's case, nor would a conviction of defendant Triple A necessarily result in its liability in this action. For plaintiff to establish claims under RICO and California Business and Professions Code, it must offer proof that defendants wrongfully disposed of hazardous wastes or materials, that false representations about the same were made to the Navy in bids and contracts, that the wrongful dumping violated Navy requirements, and that but for defendants' conduct, plaintiff would have been awarded the relevant Navy contracts.

As for protection of the interests of persons not parties to this litigation, the Court can rule on individual assertions of Fifth Amendment privilege if and when such assertions occur. *Id.* at 360; *Afro–Lecon,* 820 F.2d at 1206–07.

Last, the Court believes the public interest would best be served by expeditious resolution of this action. This case, like *Service Engineering,* involves litigation concerning Navy contracts awarded to ship repair contractors. Plaintiff in this action is named a defendant in *Service Engineering.* Resolving these controversies involving the Navy ship repair industry in San Francisco at one time is in the public interest.

Defendants' motion for stay or in the alternative for protective order governing discovery thus should be denied.

### IV.

The Court concludes that plaintiff may not seek punitive damages under either RICO or California Business and Professions Code § 17200. The civil remedy provision of RICO, 18 U.S.C. § 1964, provides for treble damages which are themselves punitive in character. Punitive damages in addition to these treble damages are not appropriate. *Moravian Development Corp. v. Dow Chemical Co.* 651 F.Supp. 144, 149 (E.D.Pa.1986) (held that punitive damages in addition to treble damages provided by RICO are not allowed).

Further, plaintiff's relief under Section 17200 is limited to equitable relief, including restitution. Thus, no claim for punitive damages under Section 17200 may be had. *Newport* 671 F.Supp. at 1551; *Meta–Film,* 586 F.Supp. at 1363.

Accordingly,

The Court HEREBY ORDERS that:

(1) plaintiff's motion for consolidation is denied;

(2) defendants' motion to dismiss the complaint is denied;

(3) defendants' motion for stay or in the alternative for protective order is denied;

(4) defendants' motion to strike punitive damages is granted.