980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALLAHAN & GAUNTLETT, an unincorporated association; Daniel
J. Callahan, an individual; Daniel J. Callahan, a
professional law corporation; David A. Gauntlett, an
individual; Robert J. Incollingo, an individual,
Plaintiffs-Appellants,
v.
DEARBORN INSURANCE COMPANY, an Illinois corporation,
Defendant-Appellee.
 No. 91-55137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided Dec. 2, 1992.
 
 Appeal from the United States District Court for the Central District of California; No. CV 89-4805 MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Callahan & Gauntlett and certain of its attorneys (collectively referred to as "Callahan") appeal the district court's grant of summary judgment in favor of Dearborn Insurance Company ("Dearborn") on their claims that Dearborn had a duty to defend Callahan pursuant the professional liability policy Dearborn issued. We affirm.
 
 
 3
 * Dearborn Insurance issued a professional liability insurance policy to Callahan on June 21, 1988 for a policy period of June 5, 1988 to June 5, 1989. The policy's definitions section defined damages as follows:
 
 
 4
 Damages means a monetary judgment, award or settlement, but damages do not include:
 
 
 5
 a. punitive or exemplary damages, any damages which are a multiple of compensatory damages, sanctions, fines or penalties;
 
 
 6
 b. the return or forfeiture of fees paid to the insured for professional services; or
 
 
 7
 c. judgments or awards deemed uninsurable under the law pursuant to which this policy shall be construed.
 
 
 8
 The policy was made pursuant to California law.
 
 
 9
 Callahan was sued by Truck Insurance Exchange ("Truck") on December 2, 1988 in the United States District Court for the Central District of California under diversity jurisdiction. Truck alleged that Callahan, acting as Cumis[1] counsel for its insureds, engaged in fraudulent billing practices and provision of unnecessary services. Truck alleged two civil RICO claims, one constructive fraud claim, one breach of the implied covenant of good faith and fair dealing claim, and a fraud claim. Truck sought treble damages and restitution of attorney's fees under the RICO claims. Truck also sought general damages and punitive damages under the other claims, as well as the costs of suit incurred as to all causes of action.
 
 
 10
 Callahan tendered these claims to Dearborn on June 19, 1989. Dearborn declined to defend, stating that none of the damages sought were defined as damages under the policy. Dearborn stated that although Callahan contended Truck might possibly seek damages covered by the policy, the amended pleadings did not suggest this possibility.
 
 
 11
 Callahan subsequently filed suit against Dearborn on August 11, 1989, claiming breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, and seeking declaratory relief.
 
 
 12
 Callahan and Dearborn filed cross-motions for summary judgment on March 12, 1990. Dearborn's counsel, Wayne Littlefield, filed a declaration in support of Dearborn's motion. The Littlefield declaration included as exhibits four letters exchanged between Dearborn's counsel and Callahan's counsel; Truck's Second Amended Complaint; a copy of the policy; Callahan's motion to dismiss in the Truck action, and the transcript of the hearing on the motion to dismiss in the Truck action. The Littlefield declaration stated that the exhibits attached were true and correct copies of the originals. Callahan objected that Littlefield's declaration did not comply with Federal Rule of Civil Procedure ("Rule") 56(e).
 
 
 13
 The district court granted Dearborn's Motion for Summary Judgement on May 17, 1990. Callahan moved for reconsideration, attaching with its moving papers Truck's Third Amended Complaint.[2] This motion was denied on December 26, 1990. Callahan timely filed its Notice of Appeal on January 8, 1991.
 
 II
 
 14
 This court reviews the district court's grant of summary judgment de novo. Kruso v. International Telegraph & Telephone Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 499 U.S. 937 (1990).
 
 
 15
 Callahan argues that the District Court's grant of summary judgment in Dearborn's favor was erroneous because the Littlefield declaration was inadmissible and, therefore, fails to meet the requirements of Rule 56(e). Rule 56(e) provides in relevant part:
 
 
 16
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit should be attached thereto or served therewith.
 
 
 17
 Callahan takes issue with a July 31, 1989 letter from Littlefield to Arnold Schwartz, counsel for Callahan. In this letter, Littlefield describes Dearborn's investigation of Truck and Truck's notice to Dearborn that it sought no damages other than the return of attorney's fees and attendant treble or punitive damages. Dearborn argues that this letter was offered as notice reaffirming Dearborn's declination of coverage in spite of Mr. Schwartz's contention that Truck might seek other damages. Dearborn further argues that a letter sent in reply to a previous letter is self-authenticating.
 
 
 18
 This Circuit has recently held that although the facts underlying an affidavit must be of a type that would be admissible as evidence, the affidavit itself does not have to be in a form that would be admissible at trial. See Hughes v. United States, 953 F.2d 531, 543 (9th Cir.1992); cf. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Littlefield obviously could authenticate the letters he wrote; the letters written in reply are self-authenticating. Purer & Company v. Aktiebolaget Addo, 410 F.2d 871, 876 (9th Cir.1969), cert. denied, 396 U.S. 834 (1969).
 
 
 19
 Furthermore, the Littlefield declaration did not lack foundation. This circuit has held that "[t]he foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." United States v. Dibble, 429 F.2d 598, 602 (9th Cir.1970); see also Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1182 (9th Cir.1988). Littlefield laid a proper foundation in his declaration. There is no error here.
 
 
 20
 Callahan further argues that the district court erred in granting summary judgment as to Dearborn's duty to defend because there existed a potential for coverage. While the duty to defend is broader than the duty to indemnify, Gray v. Zurich Insurance Co., 65 Cal.2d 263, 275-76 (1966), the insurer has no duty to defend the insured against a loss not potentially within the coverage of the policy. Dyer v. Northbrook Property & Casualty Insurance Co., 210 Cal.App.3d 1540, 1547 (Cal.Ct.App.1989). The burden is on the insured to prove that a claim is covered under the policy. Royal Globe Insurance Company v. Whitaker, 181 Cal.App.3d 532, 537 (Cal.Ct.App.1986).
 
 
 21
 When the fraudulent conduct of an attorney is involved, the attorney is not acting in his capacity as an attorney. See Blumberg v. Guarantee Insurance Company, 192 Cal.App.3d 1286, 1292-93 (Cal.Ct.App.1987). Furthermore, disputes that do not involve allegations of professional malpractice are not covered by professional liability policies. See Transamerican Insurance Company v. Sayble, 193 Cal.App.3d 1562, 1567 (Cal.Ct.App.1987). Given that Truck was not Callahan's client and was not an intended beneficiary of Callahan's legal services, there are no potential malpractice damages in this case. As Cumis counsel, Callahan's client was not Truck, but Truck's insureds. See Employer's Insurance of Wausau v. Albert D. Seeno Construction Co., 692 F.Supp. 1150, 1157 (N.D.Cal.1988).
 
 
 22
 As for the policy exclusion, it is the insurer's duty to prove that a claim comes within a policy exclusion, see Royal Globe Insurance Co. v. Whitaker, 181 Cal.App.3d. 532 (Cal.Ct.App.1986), and policy exclusions are read narrowly and against the insurer. See State Farm Mutual Auto Insurance Co. v. Partridge, 10 Cal.3d 94 (Cal.1973). Dearborn raises two arguments in support of its claim that it had no duty to defend: 1) The damages sought by Truck were not damages as defined by the policy; and 2) Because Callahan's acts were ostensibly wilful, they are not covered by the policy and indemnity is precluded by Cal.Ins.Code § 533.
 
 
 23
 Truck alleged it was damaged in its business and was entitled to the attorney fees it paid to Callahan and treble damages. Restitution of legal fees, as well as treble damages under RICO, which are punitive in character, Southwest Marine, Inc. v. Triple A. Machine Shop, Inc., 720 F.Supp. 805, 810 (C.D.Cal.1989), are explicitly excluded under the policy. Moreover, coverage for intentional and fraudulent conduct is prohibited by California Insurance Code sections 533 and 1668, respectively.
 
 
 24
 Callahan also assigns error to the district court's grant of summary judgment on its remaining claims--breach of contract, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing. Callahan argues that each of these claims is based on a duty separate from the duty to defend--Dearborn's failure to investigate. However, where there is no duty to defend, there is no duty to investigate. See Aetna Casualty and Surety Company, Inc. v. Continental Insurance Company, 838 F.2d 346, 352 (9th Cir.1988). Dearborn is not liable for breaching duties which are derivative of the duty to defend. See Continental Casualty Company, 763 F.2d at 1084. Summary judgment was properly granted.
 
 III
 
 25
 Callahan contends that the district court erred in denying its Motion for Reconsideration because the grant of summary judgment was based on superseded pleadings. Callahan argues that the district court failed to consider the operative pleading, Truck's Third Amended Complaint, in connection with the summary judgment motion. However, there is nothing in the Third Amended Complaint implying a duty to defend or alleging damages not excluded under the policy. There was neither error nor injustice in the district court's denial of this motion.
 
 
 26
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The term Cumis counsel comes from the seminal case, San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc., 162 Cal.App.3d 358 (Cal.Ct.App.1984), which held that where an insurer retained counsel to defend a third party lawsuit but reserved its right to assert noncoverage at a later date, a conflict of interest existed between the insurer and the insured, and thus, the insured has a right to independent counsel paid for by the insurer. Id. at 375
 
 
 [2]
 Callahan failed to mention in its Opening Brief that it also filed only the Second Amended Complaint with its motion. Callahan noted in its Reply Brief that it was not counsel of record until after the cross motions, and did not discover until after the hearing that the motion was based on superseded complaints