Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| CARLOS MANUEL FUENTES ALCÁZAR; y YARITZA RODRÍGUEZ OLIVO<br><br>Recurridos<br><br>v.<br><br>AVL GROUP, INC.; y ALEXANDER ROJAS GONZÁLEZ; y JANE DOE; y la SOCIEDAD DE BIENES GANANCIALES DE ALEXANDER ROJAS GONZÁLEZ con JANE DOE; y ASEGURADORA "X"<br><br>Peticionarios | KLCE202300718 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV00610<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparecen Alexander Rojas González (señor Rojas González) y AVL Group Inc. (AVL), (en conjunto, los peticionarios), solicitando la revocación de una *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 20 de junio de 2023.[1] En el inicio de del proceso judicial por una demanda sobre daños y perjuicios, los demandantes de epígrafe, aquí recurridos, solicitaron tener acceso e inspeccionar cierta información electrónica contenida en un vehículo marca Tesla, que, alegadamente, era propiedad de AVL, y conducido por

---

[1] Notificada en esa misma fecha.

el señor Rojas González, al momento de causar el accidente fatal que dio lugar a la presentación de la demanda.

Sin embargo, advirtiendo los peticionarios al foro primario sobre la posibilidad de la existencia de procesos paralelos, (civil y criminal), solicitaron al Tribunal que paralizara el proceso iniciado en el ámbito civil, en lo que concluía el criminal. Adujeron que permitir la continuación del proceso civil, podría interferir con los derechos del señor Rojas González, (del Ministerio Público decidir presentarle cargos criminales por el accidente de autos, que fue la causa de la demanda por daños y perjuicios). En particular, estos solicitaron que no se permitiera la inspección y obtención de la información electrónica contenida en el Tesla por los recurridos.

A pesar de que el foro primario emitió ciertas órdenes para confirmar si había un proceso criminal paralelo en contra del señor Rojas González, denegó la solicitud de los peticionarios para que se paralizara o desautorizara la inspección del Tesla por el perito de los recurridos. Es esta la determinación que los peticionarios solicitan que revoquemos.

Como explicaremos, luego de haber sido presentado el recurso de *certiorari,* han sucedido una serie de eventos ante el TPI que, a nuestro juicio, tornaron la controversia que nos correspondía dilucidar en académica, por lo que corresponde desestimar.

## I.  Resumen del tracto procesal

El 3 de febrero de 2023, el señor Fuentes Alcázar y la señora Rodríguez Olivo, (los recurridos), radicaron una *Demanda* en daños y perjuicios contra AVL, el señor Rojas González, Jane Doe, y la Sociedad de Bienes Gananciales compuesta por el señor Rojas Gonzáles y Jane Doe, además de la Aseguradora "X". Alegaron, en síntesis, que el 12 de noviembre de 2022, su hijo, el joven Carlos Manuel Fuentes Rodríguez (el joven Fuentes Rodríguez), transitaba por la carretera #696 en dirección a

Dorado, cuando el auto que conducía fue impactado por otro vehículo marca Tesla, Modelo Y año 2022. Se adujo que el vehículo Tesla, propiedad de AVL, era conducido por el señor Rojas González, cuando invadió el carril por el cual discurría el auto que manejaba el joven Fuentes Rodríguez, causándole la muerte. Fue aseverado que la única y exclusiva causa del accidente descrito fue la conducta del señor Rojas González, al discurrir por el lugar a una velocidad que no le permitía mantener el control y dominio del volante cuando invadió el carril contrario por donde manejaba el joven Fuentes Rodríguez. Fue alegado, además, que la Policía de Puerto Rico había investigado el asunto, y se encontraba ante la atención de la Fiscalía de Bayamón para someter cargos criminales en contra del señor Rojas González.

En respuesta, el 3 de mayo de 2023, el señor Rojas González radicó una *Moción Solicitando la Paralización de los Procedimientos*. Planteó que la investigación policial en curso pudiera generar la radicación de cargos en su contra de naturaleza penal, por lo que le asistía el derecho constitucional a no auto incriminarse. Afirmó que el proceso de descubrimiento de prueba en el proceso civil, de ser permitido, podría lesionar sus derechos constitucionales en el ámbito penal. En consecuencia, solicitó la intervención del foro primario para paralizar los procesos en el cause civil, mientras se encontrara en curso la investigación de naturaleza penal.

Ese mismo día, AVL radicó una *Moción Uniéndonos a la Solicitud de Paralización de los Procedimientos*, reproduciendo los argumentos esenciales de la moción instada por el señor Rojas González, descritos en el párrafo que precede, y solicitando el mismo remedio.

Ante ello, el 5 de mayo de 2023, el TPI emitió *Orden* concediendo veinte (20) días al señor Fuentes Alcázar y a la señora Rodríguez Olivo

para que se expresaran sobre las mociones solicitando paralización de los procesos.

Conforme a lo ordenado, el 25 de mayo de 2023, los recurridos instaron *Oposición de los Demandantes a la Solicitud de Paralización de los Procedimientos*. Esgrimieron, en síntesis, que AVL no tenía derecho a invocar el derecho a la no autoincriminación, al ser una corporación. Sostuvieron, además, que tampoco se había presentado alguna denuncia contra el señor Rojas González por estos hechos, sino que, más bien, existía una sospecha sobre una posible investigación y radicación de cargos criminales, lo que no justificaba que se ordenase la paralización del pleito civil.

Pendiente de adjudicarse la moción sobre paralización del proceso civil instada por los peticionarios, el 13 de junio de 2023, el señor Fuentes Alcázar y la señora Rodríguez Olivo presentaron una *Solicitud de Orden Para Inspeccionar Vehículo y Copiar Información Electrónica*. Aseveraron que el vehículo marca Tesla que ocasionó el accidente posee un mecanismo llamado *Event Data Recorder* (EDR), que registra información en torno a la dinámica del auto, velocidad, ubicación y activación de las bolsas de aire al ocurrir un evento. Por lo cual, solicitaron al TPI que expidiera una *Orden* autorizando a su perito a tener acceso a dicho vehículo, ubicado en ese momento en el Cuartel de la División de Patrullas de Carreteras de Bayamón, con el propósito de examinarlo y copiar la información electrónica que contuviera pertinente al impacto. Adujeron que tal información podría perderse, de no ser recopilada en un tiempo razonable.

En desacuerdo, el 20 de junio de 2023, AVL instó una *Moción en Réplica a Oposición a Solicitud de Paralización*. Esgrimió nunca haber invocado para sí el derecho a no auto incriminarse, por lo cual entendía que tal alegación de los recurridos inducía a error al Tribunal. Además,

adujo que, siendo un hecho que la responsabilidad imputada a la corporación es una vicaria, la misma está intrínsicamente relacionada a la persona natural del señor Rojas González, quien sí goza del derecho a no incriminarse. Añadió, que el mero hecho de que exista una investigación criminal dirigida hacia el señor Rojas González, activaba el derecho de este a no auto incriminarse, existiendo una presunción de que lo que pudiese declarar en el proceso civil, lesionaría sus derechos en el proceso criminal. Ante lo cual, para evitar lesionar los derechos constitucionales que acompañan al señor Rojas González en un trámite criminal, AVL solicitó al TPI que ordenara la paralización de los procesos civiles ante su consideración, hasta que el cause criminal llegara a su conclusión.

Ese mismo día, el señor Rojas González y AVL radicaron una *Urgente Oposición a Solicitud de Orden.* Arguyeron que, de conceder el foro primario autorización a los recurridos para llevar el descubrimiento de prueba solicitado sobre el Tesla, sin que fuera atendida primero la solicitud de paralización del pleito civil, convertiría esta última petición en académica. Resaltaron que el señor Fuentes Alcázar y la señora Rodríguez Olivo solicitaron que se permitiera la inspección del Tesla, tan pronto como el 28 de junio de 2023, cuando la petición para la paralización del proceso civil aún se encontraba *sub judice.*

Visto lo anterior, el 20 de junio de 2023, el TPI emitió una *Orden Dirigida al Ministerio Público*, Fiscalía de Distrito de Bayamón, para que informara, en el término de veinte (20) días, si existía o no una investigación criminal pendiente contra el señor Rojas González, como consecuencia del accidente ocurrido el 12 de noviembre de 2022.

En la misma fecha, el TPI emitió otra tres *Órdenes.* A través de una de estas, pautó vista, a ser celebrada el 3 de agosto de 2023, *a los fines de atender la solicitud de paralización y su oposición, y de aclarar algunos*

*detalles sobre el status de la alegada investigación criminal.*[2] Mediante otra, declaró Ha Lugar la moción instada por los recurridos para que se les permitiera inspeccionar y copiar data electrónica del EDR-Tesla.[3] Finalmente, en su tercera *Orden*, el foro apelado declaró No Ha Lugar la moción de los peticionarios para impedir la inspección del Tesla, plasmando que *la orden en torno a la data del vehículo puede ser emitida, independientemente de la solicitud de paralización, a los fines de preservar evidencia pertinente en el caso*[4].

En desacuerdo, tanto el señor Rojas González, como AVL, acudieron en conjunto ante este Tribunal de Apelaciones el 26 de junio de 2023, mediante recurso de *certiorari*, planteando los siguientes errores:

> Incidió el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al permitir la inspección y obtención de data por parte del perito de la parte demandante de un vehículo que se encuentra en posesión del Estado como parte del proceso de investigación criminal contra uno de los demandados en el caso civil que simultáneamente se presentó por los mismos hechos, sin considerar los riesgos de ventaja indebida que ello representa para el Ministerio P[ú]blico según esbozados por el Tribunal Supremo en ELA v Casta; 162 [DPR] 1 (2004).

> Incidió el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al permitir la inspección y obtención de data por parte del perito de la parte demandante de un vehículo que se encuentra en posesión del Estado como parte del proceso de investigación criminal contra uno de los demandados en el caso civil que tiene presentada una Moción de Paralización y que está pendiente de argumentación y adjudicación, abusando de su discreción.

Junto a dicho recurso, los peticionarios instaron una *Moción en Auxilio de Jurisdicción*, solicitando que paralizáramos la Orden del TPI que autorizaba que el perito de los recurridos tuviera acceso al Tesla para descubrir prueba, hasta tanto atendiéramos la solicitud de paralización del proceso civil.

---

[2] Apéndice 11 del recurso de *certiorari*, pág. 40.
[3] Apéndice 12 del recurso de *certiorari*, pág. 43.
[4] *Íd*, pág. 42.

A tenor, al día siguiente emitimos una *Resolución* ordenando la paralización de los procedimientos en el TPI, y concediéndole un término de quince (15) días a los recurridos para que se expresen sobre los méritos del recurso presentado.

Sin embargo, el 7 de julio de 2023, los recurridos presentaron una *Solicitud de Reconsideración*, precisando que nuestra *Orden* de paralización había tenido el efecto de impedir que el TPI considerase la deseabilidad de que se paralizara todo el proceso civil, en espera de los asuntos criminales, mientras que los peticionarios solo habían solicitado que se paralizara la inspección del Tesla. Por tanto, solicitaron que la paralización se limitara al tema de la inspección del Tesla, pero permitiéramos al foro primario continuar con los demás procesos.

Considerado lo anterior, el 19 de julio de 2023, emitimos una *Resolución* declarando Ha Lugar la *Solicitud de Reconsideración*, a los solos efectos de que los procedimientos ante el TPI continuaran su curso, salvo lo relativo a la inspección del Tesla autorizada, la cual no permitiríamos hasta que dilucidáramos las controversias ante nuestra consideración.

Entonces, el 12 de julio de 2023, los recurridos presentaron su *Oposición al Recurso de Certiorari*. Adujeron que el señor Rojas González no tenía legitimación activa para oponerse a la inspección del Tesla, pues no le pertenecía. Arguyeron que, el señor Rojas González no había contestado la demanda, tampoco había sido sujeto de ningún procedimiento de descubrimiento de prueba, por lo que se desconocía cuál sería la información cuyo descubrimiento pudiera poner en riesgo su aducido derecho constitucional a no auto incriminarse.

De vuelta a las incidencias que continuaban en el TPI, el 17 de julio de 2023, el Ministerio Público presentó una *Moción Para Intervenir Mediante Representación Legal, en Cumplimiento de Orden e Informativa*,

**confirmando que existía una investigación criminal relacionada al accidente**. Por esto, solicitó al TPI que ordenara la posposición de la causa civil que estaba ante su consideración, por al menos, sesenta (60) días, de suerte que pudiera culminar su investigación y determinar si imputaría delitos graves contra el señor Rojas González. Solicitó, además, que de imputarse delitos graves contra el señor Rojas González, concediera un término adicional de paralización del proceso civil, para que pudiera celebrarse la Vista Preliminar.[5]

Atendida la petición del Ministerio Público, el 30 de julio de 2023, el TPI emitió una *Resolución*[6] ordenando la paralización de los procedimientos civiles, hasta el 29 de septiembre de 2023, de modo que se pudiera culminar la investigación criminal y determinar si se estarían presentando cargos criminales contra el señor Rojas González.

Como resultado, el 2 de agosto de 2023, el señor Rojas González y AVL acudieron a este Tribunal de Apelaciones, mediante *Moción Para Que Se Tome Conocimiento Judicial*, solicitando que tomáramos conocimiento judicial de los asuntos explicados en el párrafo que antecede. Es decir, para que adviniéramos en conocimiento de que, en efecto, existía una investigación criminal en curso y que el TPI había ordenado la paralización de los procedimientos, hasta el 29 de septiembre de 2023, de modo que el Ministerio Público pudiera determinar si presentaría cargos criminales contra el señor Rojas González.

Pasado poco más de un mes, el 12 de septiembre de 2023, la Oficina del Procurador General compareció ante nosotros informando que, el 1 de septiembre de 2023, el Ministerio Público había presentado cargos criminales contra el señor Rojas González.

En concordancia, el 20 de agosto de 2023, el señor Rojas González y AVL presentaron ante este foro intermedio otra *Moción Para Que Se*

---

[5] Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23.
[6] Notificada el 31 de julio de 2023.

*Tome Conocimiento Judicial.* En esta ocasión, informaron que, el 1 de septiembre de 2023, se llevó a cabo la vista bajo la Regla 6 de Procedimiento Criminal,[7] en la que se determinó causa para arresto y se impuso una fianza diferida de sesenta mil (60,000.00) dólares, encontrándose el caso en etapa de Juicio. A pesar de ello, adujeron que la controversia ante este foro intermedio subsistía, por cuanto continuaba la autorización del foro primario para autorizar la inspección del Tesla.

Finalmente, el 3 de octubre de 2023,[8] el TPI emitió *Sentencia*, **decretando la paralización de los procedimientos sobre la demanda de daños y perjuicios presentada por los recurridos, y ordenando su archivo administrativo**. En consonancia, el TPI se reservó jurisdicción para ordenar la reapertura y continuación de los procedimientos, a solicitud de parte interesada, **una vez finalizara el caso criminal contra el señor Rojas González**. Además, ordenó a las partes informar, en ciento veinte (120) días, la etapa en la cual se encuentra el caso criminal.

Por motivo de la *Sentencia* aludida, el 6 de octubre de 2023, los peticionarios presentaron ante este foro intermedio una *Moción Para Que Se Tome Conocimiento Judicial*. Arguyeron que, la *Sentencia* emitida por el foro de instancia era cónsona y validaba sus planteamientos sobre la procedencia de la paralización del pleito civil, a espera de las resultas del proceso criminal, por lo cual entendían que el recurso pendiente ante nosotros se había tornado académico. Tienen razón.

**II. Exposición de Derecho**

### A. Procesos paralelos (civil y criminal)

Nuestras Reglas de Procedimiento Civil están enraizadas en el principio de que las mismas deben interpretarse de modo que faciliten el

---

[7] Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6.
[8] Notificada el 4 de octubre de 2023.

acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica. 32 L.P.R.A. Ap. V R.1. Conforme a este principio, nuestro Tribunal Supremo ha expresado que:

> [...] al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para poder impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia. *Isla Verde Rental Equip. Corp. v. García Santiago*, 165 DPR 499 (2005).

Sin duda, la economía procesal es un pilar importante en nuestro sistema procesal civil. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 494 (1999).

Bajo tal principio, los *procesos paralelos* se han definido como aquellos procedimientos adjudicativos simultáneos que: (1) surgen de un mismo conjunto de transacciones y; (2) que se dirigen contra el mismo demandado o demandados.[9] En cuanto a los procedimientos paralelos, nuestro Tribunal Supremo ha manifestado que los tribunales, a solicitud de partes, pueden utilizar diferentes tipos de mecanismos procesales a los fines de proteger la constitucionalidad o la integridad de tales procesos. *Álamo Romero v. Adm. Corrección*, 175 DPR 314, 325-326 (2009) *E.L.A. v. Casta*, 162 DPR 1, 18 (2004). El mismo alto Foro ha expresado que en los casos en que se están llevando a cabo procesos paralelos, **"los tribunales tienen amplia discreción en paralizar un caso civil, posponer el descubrimiento de prueba o imponer órdenes**

---

[9] "Parallel proceedings are simultaneous, adjudicative proceedings that (1) arise out of a single set of transactions, and (2) are directed against the same defendant or defendant that may include investigations by any federal regulatory agency, civil injunctive or penalty actions, administrative disciplinary proceedings, cease and desist proceedings, private actions (including both class and derivative actions), proceedings by self-regulatory agencies, various state proceedings, grand jury inquiries, and/or criminal prosecutions". (Citas omitidas). M.D. Hunter, SEC/DOJ Parallel Proceedings: Contemplating the Propriety of Recent Judicial Trends, 68 (Num. 1) Miss. L. Rev. 149 (2003).

**y condiciones protectoras, siempre que el interés de la justicia así lo requiera**." *Íd.*, pág. 19. (Énfasis provisto).

En este ejercicio, los tribunales federales han enumerado los siguientes factores que deben ser evaluados y balanceados al momento de determinar si procede o no la paralización:

1. los intereses privados de los demandantes en proceder de manera expedita en el litigio civil, contrarrestada contra el perjuicio de los demandantes si retrasan.
2. los intereses privados y el perjuicio sobre el demandado.
3. la conveniencia de los tribunales.
4. los intereses de las personas que no son parte en el pleito civil.
5. el interés público.[10]

Dichos parámetros han sido adoptados por nuestra jurisprudencia. Ver, *E.L.A. v. Casta*, supra.

### B. Academicidad

Los tribunales solo están llamados a atender asuntos de carácter justiciable. La doctrina de justiciabilidad exige la adjudicación de controversias genuinas entre partes opuestas, que tienen un interés legítimo en obtener un remedio capaz de afectar sus relaciones jurídicas, permitiendo, de ese modo, la intervención oportuna y eficaz de los tribunales. *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 908 (2010); *E.L.A. v. Aguayo*, 80 DPR 554, 558-559 (1958). Este principio constituye una autolimitación al ejercicio del Poder Judicial consagrado en nuestra Constitución. *Íd.*

En virtud de lo anterior, se reconoce que la doctrina de la academicidad da vida al principio de justiciabilidad. *Bathia Gautier v. Gobernador*, 199 DPR 59 (2017); *Moreno v. Pres. U.P.R. II,* 178 DPR 969, 973 (2010); *Crespo v. Cintrón,* 159 DPR 290, 298 (2003). Como norma,

---

[10] *Arden Way Associates v. Boesky*, 660 F. Supp. 1494, 1497 (S.D. N.Y. 1987); *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1981); *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F. R.D. 53, 56 (E.D. Pa. 1980):
"(1) The private interests of the plaintiffs in the proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; (5) the public interest."

un caso es académico ***cuando los cambios fácticos o procesales ocurridos durante su trámite convierten la controversia en una ficticia, de modo tal que el fallo que emita el tribunal no tendría efectos prácticos por tratarse de un asunto inexistente***. (Énfasis provisto). *Lozada Tirado et al v. Testigos Jehová,* supra*,* pág. 908.

Las diferentes justificaciones que se esbozan para requerir que un caso no sea académico antes de resolverse el mismo son: (1) evitar el uso innecesario de los recursos judiciales; (2) asegurar suficiente contienda adversativa sobre las controversias para que sean competentes y vigorosamente presentados ambos lados; y (3) evitar un precedente innecesario. *Emp. Pur. Des., Inc. v. H.I.E.Tel.,* 150 DPR 924 (2000), citando a *Noriega Rodríguez v. Hernández Colón,* 135 DPR 406, 437 (1994). Un caso puede resultar académico si el transcurso del tiempo ha causado que éste pierda su condición de controversia viva y presente. *Íd.*

No obstante, nuestro ordenamiento jurídico ha reconocido algunas excepciones que permiten que se considere un caso posiblemente académico, a saber: cuando se plantea una cuestión recurrente; si la situación de hechos ha sido modificada por el demandado, pero no tiene características de permanencia; o donde aspectos de la controversia se tornan académicos, pero persisten importantes consecuencias colaterales. *Cruz v. Administración,* 164 DPR 341, 359 (2005); *El Vocero v. Junta de Planificación,* 121 DPR 115, 124 (1988).

## A. Desestimación

La Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, allí se establece que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los siguientes motivos:
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

**(5) que el recurso se ha convertido en académico.**

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. *Íd.*

(Énfasis nuestro y texto omitido del original).

## III. Aplicación del Derecho a los hechos

Hemos prestado particular atención a la reproducción de las incidencias procesales que precedieron a la presentación del recurso de *certiorari* ante nosotros, y a las que se han seguido desarrollando hasta el presente en el tribunal *a quo,* por cuanto resultan medulares para sopesar si la controversia ante nuestra atención resulta justiciable. Según advertimos en la *exposición de derecho*, la doctrina de la justiciabilidad exige la adjudicación de controversias genuinas entre parte opuestas, que tienen un interés legítimo **en obtener un remedio capaz de afectar sus relaciones jurídicas,** permitiendo, de ese modo, la intervención oportuna y eficaz de los tribunales. *E.L.A. v. Aguayo,* supra. (Énfasis provisto).

A través del recurso de *certiorari* instado por los peticionarios, estos solicitaron un remedio preciso, la paralización de la *Orden* del TPI autorizando al perito de los recurridos a inspeccionar y sustraer la información electrónica proveniente del Tesla. Tal petición de AVL y el señor Rojas González, a su vez, estaba enmarcada dentro de la solicitud más amplia que habían hecho al foro primario, para que paralizara los procesos en la causa civil por daños y perjuicios, en lo que se dilucidaba el proceso criminal seguido en contra del señor Rojas Gonzáles. Es decir, los peticionarios pretendían del foro primario que evitara la continuación

de procesos paralelos, en ánimos de proteger los derechos constitucionales del señor Rojas Gonzáles en el proceso criminal llevado en su contra.

Sin embargo, no cabe duda alguna de que, mientras considerábamos el recurso de *certiorari* presentado, ocurrieron cambios procesales que "convirtieron la controversia a dilucidar en una ficticia, de modo tal que un fallo por este foro intermedio no tendría efectos prácticos". *Lozada Tirado et al v. Testigos de Jehová*, supra. Hacemos referencia, claro está, a la *Sentencia* emitida el 3 de octubre de 2023 por el tribunal apelado, **decretando la paralización de los procedimientos en la causa civil instada, y ordenando su archivo administrativo**, para evitar la continuación de procesos paralelos.

La paralización de los procedimientos en la causa civil por daños y perjuicio ordenada por el TPI, tiene la directa e inmediata consecuencia de impedir que los recurridos continúen cualquier gestión relacionada a dicho caso, lo que incluye la inspección por su perito del Tesla. Ese fue precisamente el remedio que los peticionarios solicitaron a este Tribunal de Apelaciones que concediera, impedir la inspección del Tesla por los recurridos, al menos hasta que concluyese el proceso criminal paralelo llevándose a cabo.

En consecuencia, una vez ordenada la paralización de los procedimientos en el litigio civil, no subsiste controversia real alguna entre las partes que justifique nuestra intervención, convirtiendo la causa de acción en académica. El remedio que pretendía el recurrente a través del recurso de *certiorari* que instó ante nuestra consideración ya fue concedido por el TPI, como efecto directo de la *Sentencia* de 3 de octubre de 2023 dictada. La controversia alzada por los peticionarios ha tornado en académica, pues no tenemos un remedio que conceder, habiendo sido concedido por el TPI.

## IV. Parte dispositiva

Por los fundamentos expuestos, resolvemos que el recurso de *certiorari* se tornó académico, a tenor, procede ordenar su desestimación. Se deja sin efecto la orden de paralización de 27 de junio de 2023, según modificada el 19 de julio de 2023.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones