**CITIZENS FOR A BETTER EN- VIRONMENT—CALIFOR- NIA, et al., Plaintiffs,**

v.

**UNION OIL OF CALIFORNIA, a corporation, Defendant.**

**No. C 94–0712 TEH.**

United States District Court, N.D. California.

April 15, 1997.

Linda M. Dardarian, David E. Pesonen, Saperstein, Goldstein, Demchak & Baller, Oakland, CA, Nora J. Chorover, Citizens for a Better Environment, San Francisco, CA, Michael R. Lozeau, San Francisco Baykeeper, San Francisco, CA, Mari Mayeda, Law Offices of Mari Mayeda, Berkeley, CA, for Plaintiffs.

Sarah G. Flanagan, Margaret N. Rosegay, Pillsbury, Madison & Sutro, San Francisco, CA, R. Christopher Locke, John F. Barg, Mary J. Decker, Landels, Ripley & Diamond, San Francisco, CA, John J. Lyons, Karl S. Lytz, Steven M. Bauer, Scott R. Raber, Latham & Watkins, San Francisco, CA, for Defendant.

## ORDER

HENDERSON, Chief Judge.

This matter came on for oral argument upon plaintiffs' motion for partial summary judgment on April 7, 1997.

## I. FACTUAL BACKGROUND

This action was brought in 1994, against Union Oil Company of California ("Unocal") by a group of citizens and non-governmental environmental conservation organizations alleging that Unocal's Rodeo oil refinery is discharging selenium into the San Pablo Bay at levels that violate the federal Water Pollution Control Act ("Clean Water Act"). After this Court denied defendant's motion to dismiss, the Ninth circuit affirmed, and the Supreme Court denied cert, *see Union Oil Co. of California v. Citizens for a Better Environment*, — U.S. —, 117 S.Ct. 789, 136 L.Ed.2d 731 (1997); *Citizens for a Better Environment–California v. Union Oil Co.*, 83 F.3d 1111, 1119 (9th Cir.1996); *Citizens for a Better Environment–California v. Union Oil Co.*, 861 F.Supp. 889 (N.D.Cal.1994), plaintiffs moved for partial summary judgment on the issue of Unocal's liability for ongoing violations of the Clean Water Act and California Unfair Practices Act by discharging selenium in excess of the amount allowed

under Unocal's National Pollutant Discharge Elimination System ("NPDES") permit. In bringing this motion, plaintiffs raise the threshold issue of their standing to assert these claims.

In response to plaintiffs' motion, defendant does not dispute its liability under the Clean Water Act for discharging treated wastewater exceeding the "final" selenium limit and has withdrawn its objection to plaintiffs' standing. Defendant does, however, oppose summary judgment on plaintiffs' California Business and Professions Code § 17200 claim and defendant notes that consideration of remedies is inappropriate at this stage.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir.1985); Fed. R.Civ.P. 56. Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence, and is required to view the evidence in the light most favorable to the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof on an issue at trial, she must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. However, on an issue for which her opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.*

If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is some genuine issue for trial" in order to defeat the motion. *Anderson*, 477 U.S. at 250; Fed. R.Civ.P. 56(e). A grant of summary judgment is reviewed *de novo* by the appellate court; a denial of summary judgment is reviewed for an abuse of discretion. *U.S. v. 5,644,540 in U.S. Currency*, 799 F.2d 1357, 1361 (9th Cir .1986).

## III. DISCUSSION

### A. STANDING

■ Plaintiffs' motion makes the preliminary assertion that plaintiffs have standing to bring the suit. A "threshold question in every federal case [is] whether the plaintiff has stated a 'case or controversy' between himself and the defendant within the meaning of Article III." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The core component of whether a case or controversy under Article III exists is the doctrine of standing. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The Supreme Court has established three elements necessary to meet the Article III standing requirement. First, the plaintiff must have suffered an "injury in fact"—"[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' ... and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Second, the injury must be a result of the challenged conduct. *See, e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("The injury has to be 'fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court."). Finally, a plaintiff must show a likelihood that a favorable decision will redress the injury. *Id.*

■ When a plaintiff is an organization, it must make three additional showings to satisfy the Article III standing requirement: (1) the organization's members would have

standing to sue individually, (2) the organization is seeking to protect interests that are germane to its purpose, and (3) neither the claim asserted nor the relief sought requires the organization's members to participate in the lawsuit. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

■ Defendant has noted some factors that it believes undermine plaintiffs' contentions of standing, but ultimately withdraws its objection to plaintiffs' standing. The Court, however, remains under an independent obligation to address this jurisdictional issue. "This court ... must consider whether federal jurisdiction exists, even if no objection is made ... and even if both parties stipulate to federal jurisdiction." *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 342 (9th Cir.1996) (internal citations omitted); *see also FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 229, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Generally, standing is a threshold question resolved in the beginning stages of a case, *see Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 115 n. 31, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), and the trial court must accept as true all material allegations of the complaint, and where necessary may require the plaintiff to supply further particularized allegations of fact deemed supportive of plaintiff's standing. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The most common invocation of standing at later stages of a trial is through a motion for summary judgment by defendants where "... the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence, 'specific facts,' ... which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Here, the standing question has not been presented through any of the more common methods but has been raised by *plaintiffs* in the form of a summary judgment motion. Consequently, plaintiffs must show that there is no genuine dispute as to material facts regarding their standing and that they have standing as a matter of law. Fed.R .Civ.P. 56. Here, where plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing the elements of standing, *Lujan,* 504 U.S. at 561, they must affirmatively demonstrate that no reasonable trier of fact could find other than for the plaintiffs.

■ Here, plaintiffs have attempted to meet their burden of demonstrating standing by submitting a series of declarations and depositions describing the harms various plaintiffs have and continue to suffer.[1] After a thorough review of plaintiffs' affidavits and the two recently taken depositions, the Court finds that plaintiffs have met their burden of demonstrating that no trier of fact could find other than for plaintiffs on the issue of standing.[2]

As examples, the Court describes some of the pertinent allegations of some of the plaintiffs and their members: Plaintiff Anthony Willis states that "my personal enjoyment, the health of myself and of subsistence fishers, and the survival of the Bay as an ecosystem are injured by Unocal's continued selenium discharge violations," Willis Decl. at ¶ 6; plaintiff Kalon Wofford's "knowledge of Unocal's actions ... have greatly diminished [his] enjoyment of sport fishing," Wofford Decl. at ¶ 6; Joanne Marlowe, a member of plaintiff organization Communities for a Better Environment ("CBE"), states that CBE "is a nonprofit, public benefit corporation dedicated to citizen advocacy to prevent pollution and reduce environmental health hazards in urban communities of the San Francisco Bay

---

1. A court may properly consider affidavits submitted by the parties, in addition to the complaint, to resolve standing questions. *See Spann v. Colonial Village, Inc.,* 899 F.2d 24, 28 n. 1 (D.C.Cir.1990); *Natural Resources Defense Council, Inc. v. Watkins,* 954 F.2d 974, 978–79 (4th Cir.1992).

2. As a preliminary matter, the Court notes that it has previously found that similar plaintiffs had standing to bring a similar suit alleging the very types of injuries alleged here. *See California Public Interest Research Group v. Shell Oil Company,* C 92–4023 TEH (Order January 5, 1994).

and Estuary," Marlowe Decl. at ¶ 2, and notes that her personal enjoyment as well as the survival of the Bay, which she uses in numerous ways, are injured by Unocal's violations. Marlowe Decl. at ¶ 6. Furthermore, Gregory Karras, the individual designated by CBE under Fed.R.Civ.P. 30(b)(6), demonstrated in his deposition that use and enjoyment of the San Francisco Bay by members of CBE has been reduced by the reports of selenium contamination, that they are aware of Unocal's selenium discharges, and that an reduction of Unocal's selenium discharges would alleviate some of the injury suffered by CBE members. Karras Depo. at 140–148, 184–191, 223–225. Not only have each of the plaintiffs' cited here fulfilled the standing requirements, but the Court notes that these examples are not exhaustive of the plaintiffs who have demonstrated standing.[3] Accordingly, the Court finds that plaintiffs have standing to bring this action.

### B. BUSINESS PROFESSIONS CODE § 17200

#### i. Federal Law Predicate

■ In opposition to plaintiffs' motion for summary judgment on its state law claim, defendant first asserts that a violation of § 17200 of the California Business & Professions Code, which in pertinent part prohibits any unlawful business act or practice, cannot be predicated on a violation of federal law. That assertion has no merit. "Virtually any law—federal, state or local—can serve as a predicate for a § 17200 action." *State Farm Fire & Casualty Co. v. Superior Court,* 45 Cal.App.4th 1093, 1102–1103, 53 Cal.Rptr.2d 229 (1996). The fact that most violations of § 17200 are based on violations of state law does not preclude the use of a violation of federal law as a grounds for § 17200 liability. *See id.,* at 1103, 53 Cal.Rptr.2d 229 ("Most reported cases involving 'unlawful business practices,' however have been predicated on state law violations."). Furthermore, other judges in this district have allowed § 17200 claims based on violations of federal law. *See, e.g., Southwest Marine, Inc. v. Triple A*

*Machine Shop, Inc.,* 720 F.Supp. 805 (N.D.Cal.1989); *Seiler v. Lucasfilm, Ltd.,* 613 F.Supp. 1253 (N.D.Cal.1984). Defendant notes that these two cases involved federal statutes—RICO and the Copyright Act—that have no parallel state law, while here there is a comparable state statute. In light of the plain and unlimited statements by the California Supreme Court that permit a § 17200 claim to be based on the violation of any law, *Farmers Insurance Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992), defendant's distinction is unavailing. The Court finds that § 17200 liability can be predicated on a violation of the Clean Water Act.

#### ii. Exhaustion of Administrative Remedies

Defendant further argues that before a plaintiff may seek relief under § 17200 a plaintiff must exhaust his/her administrative remedies. Defendant cites *Farmers Insurance,* 2 Cal.4th at 381, 6 Cal.Rptr.2d 487, 826 P.2d 730 for the proposition that where a state law provides for agency review the doctrine of exhaustion applies under § 17200. As a preliminary matter, it is not clear that *Farmers* extends beyond the "circumstances of [that] case"—where a § 17200 claim was based on a violation of the Insurance Code which is within the exclusive province of the Insurance Commissioner. Even assuming that *Farmers* stands for the proposition that administrative exhaustion is required before a § 17200 claim can be pursued, plaintiffs in this case had no administrative process to invoke. Defendant asserts that plaintiffs must have sought review by the State Water Resource Control Board of the Cease & Desist Order ("CDO") issued by the Regional Board. However, plaintiffs are not challenging the CDO or the terms of the underlying permit; instead plaintiffs are seeking to enforce defendant's permit. *See CBE,* 83 F.3d at 1119. Defendant has not presented any authority for finding that a plaintiff seeking relief under § 17200 on the basis of a violation of the Clean Water Act must first exhaust state administrative remedies. Nor has defendant identified what administrative process could address plaintiffs' injuries.

---

**3.** Only one plaintiff need demonstrate standing to allow all plaintiffs to litigate the case. *See General Building Contractors Assoc. v. Pennsylvania,* 458 U.S. 375, 402, n. 3, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

## C. POTENTIAL REMEDIES

Finally, defendant notes that it does not believe that this motion, nor any ruling on it, should affect defendant's ability to raise arguments regarding potential penalties or injunctive relief. Plaintiffs concur by stating at oral argument that the motion before the Court requires neither the issuance of injunctive relief or penalties nor the determination of the propriety of such remedies. Such questions will be presented at a later stage in these proceedings.

## IV. CONCLUSION

Accordingly, the Court finds that (1) plaintiffs have standing to bring this action, (2) plaintiffs are entitled to summary judgment on the issue of Unocal's liability for violating the Clean Water Act and the California Unfair Practices Act, and (3) the Court makes no ruling regarding any potential remedies in this case. Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

**IT IS SO ORDERED.**